IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH JACOBS, and TERESA JACOBS | )<br>)<br>)<br>) |
| Plaintiffs | )<br>) |
| vs. | ) CIVIL ACTION No. _____<br>) **JURY TRIAL DEMANDED** |
| TRG TRANSPORTATION, INC. | )<br>) |
| **SERVE AT**: 39013 Blue Jay Avenue<br>Zephyrhills, FL 33542 | )<br>)<br>) |
| and | )<br>) |
| MISAEL DE LA PAZ, | )<br>) |
| **SERVE AT:** 5808 12th Street<br>Zephyrhills, FL 33542 | )<br>)<br>) |
| Defendant. | ) |

## **COMPLAINT**

COME NOW Plaintiffs Joseph Jacobs and Teresa Jacobs, by and through their undersigned attorneys, and for their Complaint, state as follows:

## **PARTIES**

1. Plaintiffs Joseph Jacobs and Teresa Jacobs are husband and wife who at all times relevant have been citizens of the State of North Carolina, domiciled in Morganton, North Carolina.

2. Defendant Misael De La Paz is a citizen of the State of Florida, domiciled in Zephyrhills, Florida.

3. Defendant TRG Transportation, Inc. is a Florida corporation with its principal place of business at 39013 Blue Jay Avenue, Zephyrhills, Florida 33542.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action under 28 USC § 1332 because the parties are citizens of different states or of foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This court has personal jurisdiction over Defendant TRG Transportation under the Tennessee long arm statute, Tenn. Code 20-2-201, as TRG Transportation was doing business in Tennessee at the time of the events that give rise to this cause of action; and over Defendant De La Paz under Tenn. Code 20-2-203 as the negligent acts of Defendant arose out of an accident in the State of Tennessee in a vehicle operated by Defendant which was not licensed in the State.

6. Venue is proper in this district under 28 USC § 1391 (a) and (b) because Defendants have breached duties to Plaintiff in this District and committed tortious acts in this District.

## COUNT I

**JOSEPH JACOBS PERSONAL INJURY CLAIM AGAINST DEFENDANTS DE LA PAZ AND TRG TRANSPORTATION**

COMES NOW Plaintiff Joseph Jacobs, and for his claim against Defendants De La Paz and TRG Transportation, Inc., states as follows:

7. On or about April 22, 2022, Plaintiff Joseph Jacobs was a driving in a vehicle travelling southbound on Interstate 75 near the 135 Mile Marker in Campbell County, Tennessee.

8. Defendant De La Paz was also traveling southbound on Interstate 75 at the said time and place and was positioned on the Interstate travelling behind Plaintiff.

9. On that date, at approximately 3:17 p.m., Plaintiff slowed down due to traffic slowing down ahead of him. Defendant De La Paz drove his vehicle at a high rate of speed into the rear of the trailer that was being hauled by the vehicle which Plaintiff was driving.

10. Defendant De La Paz was careless and negligent in the operation of his vehicle in the following respects:

   a. In operating his vehicle at an excessive rate of speed under the circumstances;

   b. In operating his vehicle too closely behind the Plaintiff's vehicle;

   c. In failing to keep a careful look out for vehicles to his front, particularly the Plaintiff's vehicle.

11. At all relevant times, Defendant De La Paz was employed by Defendant TRG Transportation, Inc. and was at the time of the crash operating the vehicle within the scope and course of said employment, and, therefore, said Defendant TRG Transportation, Inc. is legally liable for the negligence of Defendant De La Paz by reason of respondeat superior and/or similar legal theories.

12. On information and belief, Defendant TRG Transportation was directly negligent in several respects, including the following:

   a. failing to exercise ordinary care in screening Defendant Hudgens before hiring, including adequately investigating his background, driving history, and/or qualifications to work as a truck driver.

   b. failing to adequately train Defendant De La Paz; and/or

   c. failing to adequately supervise Defendant De La Paz.

   d. failing to follow Federal Motor Carrier Safety Regulations, including:

- the duty to require drivers to observe federal regulations, 49 C.F.R. § 390.11;
- the duty to not require or permit drivers with impaired ability to operate commercial motor vehicles, 49 C.F.R. § 392.3;
- the duty not to require or permit a driver to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle in accordance with 49 C.F.R. § 391.11;
- the duty not to "aid, abet, encourage, or require" its employees to violate federal regulations, 49 C.F.R. § 390.13;
- the duty to make investigations and inquiries regarding its drivers in accordance with 49 C.F.R. § 391.23;
- the duty to obtain a complete employment application before allowing a person to operate its commercial motor vehicle, 49 C.F.R. § 391.21;
- the duty to investigate its drivers' safety performance history with previous employers during the preceding three years, 49 C.F.R. § 391.23(a)(2), (c).

13. As a direct result of the aforesaid negligence, Plaintiff was severely injured as described below and incurred substantial expenses for medical care and will incur substantial expenses in the future; he has lost wages and will continue to lose wages in the future and his earning capacity has been diminished; he has endured pain, suffering, and loss of enjoyment of life.

4

14. Plaintiff's personal injuries include injuries to the neck, back and shoulders, lumbar, thoracic and cervical spine, with radiating pain into the arms and legs with tingling and numbness in the hands and fingers and weakness in the legs, gait deviations and pelvic asymmetry: and all so severe that he was unable for an extended period to return to commercial truck driving.

15. Plaintiff had some pre-existing problems, and the crash has permanently aggravated these pre-existing conditions.

16. Because of the severity of his injuries and the medication necessary to treat his condition he has not been able to return to work.

17. The injuries of Joseph Jacobs are permanent and progressive.

WHEREFORE, Plaintiff Joseph Jacobs prays for a judgment against Defendants Misael De La Paz and TRG Transportation, Inc. in an amount that is fair and reasonable, and for his costs in this action, and for such further and different relief as the court may deem just and proper under the circumstances.

## COUNT II

**TERESA JACOBS LOSS OF CONSORTIUM CLAIM AGAINST ALL DEFENDANTS**

COMES NOW Teresa Jacobs and for her claim against all Defendants, realleges paragraphs 1 through 17 stated above and in addition states as follows:

18. At all relevant times, Plaintiffs Joseph Jacobs and Teresa Jacobs were lawfully married and continue to be married at this time.

19. As a direct result of the negligence of Defendants, described above, Teresa Jacobs has lost the services and companionship of her husband.

WHEREFORE, Plaintiff Teresa Jacobs prays for judgment against all Defendants in an amount that is fair and reasonable, and for her costs in this action, and for such further and different relief as the court deems proper.

Respectfully submitted,

  /s/ James V. O'Brien
James V. O'Brien, MO Bar #31161 (*pro hac vice pending*)
Andrew S. Buchanan, MO Bar #53824 (*pro hac vice pending*)
BUCHANAN, WILLIAMS & O'BRIEN, P.C.
1105 E. 32nd St., Suite 5
Joplin, MO 64804
Telephone: 417-623-8220
FAX: 417-781-9706
Email: jobrien@bwoattorneys.com
      abuchanan@bwoattorneys.com

*ATTORNEYS FOR PLAINTIFF*

6

Case 3:23-cv-00055-TAV-JEM Document 1 Filed 02/10/23 Page 6 of 6 PageID #: 6